IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. _____

**ARRIVALSTAR S.A. and MELVINO TECHNOLOGIES LIMITED,**

    **Plaintiffs,**

vs.                                      **DEMAND FOR JURY TRIAL**

**ATLAS VAN LINES, INC., ACL TRANSPORTATION SERVICES, LLC**

    **Defendants.**

_____/

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs ArrivalStar S.A. and Melvino Technologies Limited (collectively "Plaintiffs"), through their undersigned counsel, hereby sue the above-named defendants for patent infringement, and in support, allege as follows:

### NATURE OF THE LAWSUIT

1. This is an action for patent infringement of United States Patent Numbers: 6,714,859; 6,748,320; 6,952,645; 7,030,781; 7,400,970; 6,904,359 and 6,486,801; arising under the patent laws of the United States, Title 35 of the United States Code.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338; and 35 U.S.C. § 271.

3. This Court has personal jurisdiction over each Defendant pursuant to, *inter alia*, Florida's long-arm statute, § 48.193, in that each Defendant: (a) operates, conducts, engages in, and/or carries on a business or business adventure(s) in Florida and/or has an office or agency in

Florida; (b) has committed one or more tortious acts within Florida; (c) was and/or is engaged in substantial and not isolated activity within Florida; and/or (d) has purposely availed itself of Florida's laws, services and/or other benefits and therefore should reasonably anticipate being hailed into one or more of the courts within the State of Florida.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400.

## THE PLAINTIFFS

5. ArrivalStar S.A. is a corporation organized under the laws of Luxembourg, having offices located at 67 Rue Michel, Welter L-2730, Luxembourg. ArrivalStar is the authorized licensee of the patents alleged as being infringed in this lawsuit, with the right to sub-license the patents at issue.

6. Melvino Technologies Limited is a corporation organized under the laws of the British Virgin Islands of Tortola, having offices located at P.O. Box 3174, Palm Chambers, 197 Main Street, Road Town, Tortola, British Virgin Islands. Melvino owns all rights, title and interests in the patents alleged as being infringed in this lawsuit.

## THE PLAINTIFFS' PATENTS

7. Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,714,859 ("the '859 patent"), entitled "System and Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle", issued March 30, 2004. A copy of the '859 patent is attached hereto as Exhibit 1.

8. Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,748,320 ("the '320 patent"), entitled "Advance Notification Systems and Methods Utilizing a Computer Network", issued June 8, 2004. A copy of the '320 patent is attached hereto as Exhibit 2.

9. Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,952,645 ("the '645 patent"), entitled "System and Method for Activation of an Advance Notification System for Monitoring and Reporting Status of Vehicle Travel", issued October 4, 2005. A copy of the '645 patent is attached hereto as Exhibit 3.

10. Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 7,030,781 ("the '781 patent"), entitled "Notification System and Method that Informs a Party of Vehicle Delay", issued April 18, 2006. A copy of the '781 patent is attached hereto as Exhibit 4.

11. Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 7,400,970 ("the '970 patent"), entitled "System and Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle", issued July 15, 2008. A copy of the '970 patent is attached hereto as Exhibit 5.

12. Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,904,359 ("the '359 patent"), entitled "Notification System and Methods with User-Defineable Notifications Based Upon Occurrence of Events", issued June 7, 2005. A copy of the '359 patent is attached hereto as Exhibit 6.

13. Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,486,801 ("the '801 patent"), entitled "Base Station Apparatus and Method for Monitoring Travel of a Mobile Vehicle", issued November 26, 2002. A copy of the '801 patent is attached hereto as Exhibit 7.

## THE DEFENDANTS

14. Defendant Atlas Van Lines, Inc. ("Atlas") is a Delaware Corporation with a principal place of business located at 1212 St. George Road, Evansville, Indiana, 47703. Atlas is officially authorized to transact business in Florida as a Foreign Profit Corporation, and has a Registered Agent in Tallahassee, Florida. Further, Atlas transacts business and has, at a minimum, offered to provide and/or has provided to customers within this Judicial District and throughout the State of Florida services that infringe claims of the '859, '320, '645, '781, '970, '359 and '801 patents. Finally, Atlas has a network of certified movers across Florida, including within this Judicial District, and such network utilizes technology which infringes Plaintiffs' patents. Lastly, Defendant hosted its Atlas 64th Annual Convention November 2-5 in Marco Island, Florida where infringing services were discussed.

15. Defendant American Commercial Lines d/b/a ACL Transportation Services, LLC ("ACL") is a Delaware Corporation with a principal place of business located at 1701 E. Market Street, Jeffersonville, Indiana 47130. ACL is registered to transact business in the State of Florida as a Foreign Limited Liability Company and has a Registered Agent in Plantation, Florida. Further, ACL still transacts business and has, at a minimum, offered to provide and/or has provided in this Judicial District and throughout the State of Florida services that infringe claims of the '859, '320, '645, '781, '970, '359, and '801 patents. ACL was recently offering infringing services in the State of Florida and within this Judicial District on February 5, 2010 while presenting information at the BB&T Capital Markets Transportation Services Conference; and on February 4, 2010 while presenting at the Stifel Nicolaus Transportation Conference. Finally, as a further example of ACL's continued and systematic presence in Florida, ACL is currently performing services in Pensacola, Panama City and Tampa.

## COUNT I – ATLAS
## DIRECT PATENT INFRINGEMENT

16.  Plaintiffs hereby incorporate Paragraphs 1 through 15 set forth above as if fully set forth herein.

17.  Pursuant to 35 U.S.C. § 271, Atlas has infringed claims of the '859, '320, '645, '781, '970, '359 and '801 patents through, among other activities, the commercial sale, offer and/or use of its "Atlas's Internet Shipment Tracking System (ASIST),Trailer Tracking, Advanced Dispatch" and "AtlasTrac", programs/products/services/systems which utilize tracking and messaging technologies that are protected within the '859, '320, '645, '781, '970, '359 and '801 patents.

18.  Atlas' direct infringement has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '859, '320, '645, '781, '970, '359, and '801 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against Atlas and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Atlas, granting the following relief:

A.  An award of damages against Atlas adequate to compensate Plaintiffs for the infringement that has occurred with respect to Atlas, together with prejudgment interest from the date that Atlas' infringement of the patents at issue began;

B.  Increased damages as permitted pursuant to 35 U.S.C. § 284;

 C. A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

 D. A permanent injunction against Atlas prohibiting further infringement of the patents at issue; and,

 E. All other relief as the Court or a jury may deem proper and just in this instance.

## COUNT II – ATLAS
## INDIRECT PATENT INFRINGEMENT

 19. Plaintiffs hereby incorporate Paragraphs 1 through 18 set forth above as if fully set forth herein.

 20. Pursuant to 35 U.S.C. § 271, Atlas has infringed claims of the '859, '320, '645, '781, '970, '359, and '801 patents through, among other activities, the commercial sale, offer and/or use of its "Atlas's Internet Shipment Tracking System (ASIST),Trailer Tracking, Advanced Dispatch" and "AtlasTrac" programs/products/services/systems which utilize tracking and messaging technologies that are protected within the '859, '320, '645, '781, '970, '359, and '801 patents.

 21. Atlas' contributory infringement and/or inducement to infringe has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '859, '320, '645, '781, '970, '359 and '801 patents.

## REQUEST FOR RELIEF

 WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Atlas, granting the following relief:

A. An award of damages against Atlas adequate to compensate Plaintiffs for the infringement that has occurred with respect to Atlas, together with prejudgment interest from the date that Atlas' infringement of the patents at issue began;

B. Increased damages as permitted pursuant to 35 U.S.C. § 284;

C. A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction against Atlas prohibiting further infringement of the patents at issue; and,

E. All other relief as the Court or a jury may deem proper and just in this instance.

## COUNT III – ACL
## DIRECT PATENT INFRINGEMENT

22. Plaintiffs hereby incorporate Paragraphs 1 through 15 set forth above as if fully set forth herein.

23. Pursuant to 35 U.S.C. § 271, ACL has infringed claims of '859, '320, '645, '781, '970, '359, and '801 patents through, among other activities, the commercial sale, offer and/or use of its "ACLTrac" programs/products/services/systems which include and use tracking and messaging technologies that are protected within the '859, '320, '645, '781, '970, '359, and '801 patents.

24. ACL's direct infringement has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of '859, '320, '645, '781, '970, '359, and '801 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against ACL and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with ACL, granting the following relief:

A. An award of damages against ACL adequate to compensate Plaintiffs for the infringement that has occurred with respect to ACL, together with prejudgment interest from the date that ACL's infringement of the patents at issue began;

B. Increased damages as permitted pursuant to 35 U.S.C. § 284;

C. A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction against ACL prohibiting further infringement of the patents at issue; and,

E. All other relief as the Court or a jury may deem proper and just in this instance.

## COUNT IV – ACL
## INDIRECT PATENT INFRINGEMENT

25. Plaintiffs hereby incorporate Paragraphs 1 through 15 and Paragraphs 22 through 24 set forth above as if fully set forth herein.

26. Pursuant to 35 U.S.C. § 271, ACL has infringed claims of '859, '320, '645, '781, '970, '359, and '801 patents through, among other activities, the commercial sale, offer and/or use of its "ACLTrac" programs/products/services/systems which include and use tracking and messaging technologies that are protected within the '859, '320, '645, '781, '970, '359, and '801 patents.

27. ACL's contributory infringement and/or inducement to infringe has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of

Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of '859, '320, '645, '781, '970, '359, and '801 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against ACL and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with InfoLogix granting the following relief:

A.  An award of damages against ACL adequate to compensate Plaintiffs for the infringement that has occurred with respect to ACL, together with prejudgment interest from the date that ACL's infringement of the patents at issue began;

B.  Increased damages as permitted pursuant to 35 U.S.C. § 284;

C.  A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D.  A permanent injunction against ACL prohibiting further infringement of the patents at issue; and,

E.  All other relief as the Court or a jury may deem proper and just in this instance.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: January , 2012.

Respectfully submitted,

/s/ Jason P. Dollard
Jason P. Dollard, Esquire
Florida Bar Number: 0649821
Law Offices of Jason P. Dollard, PA
127 NE 2nd Avenue
Delray Beach, Florida 33444
Telephone: 561-819-5406
Facsimile: 561-819-5407
Email: jdollard@jpdesq.com

**Counsel for Plaintiffs**