UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60050-CV-Middlebrooks/Vitunac

ARRIVAL STAR, SA, et al.,

    Plaintiffs,

v.

ATLAS VAN LINES, INC.,

    Defendant.

---

# JOINT SCHEDULING REPORT AND
# JOINT PROPOSED SCHEDULING ORDER

The Plaintiffs, Arrivalstar S.A. and Melvino Technologies, Limited, and Defendant, Atlas Van Lines, Inc. by and through their undersigned attorneys, pursuant to Federal Rules of Civil Procedure 26(f), the Court's Orders dated February 1, 2012 and February 27, 2012, and Local Rule 16(b), file their Joint Scheduling Report and Joint Proposed Scheduling Order addressing discovery and other pretrial issues.

The parties conferred multiple times, but were unable to reach consensus on a number of issues. For the issues the parties could not reach an agreement on each party's position is explained in the relevant section.

## I.    REPORT OF THE PARTIES' CONFERENCE PURSUANT TO RULE 16.1(B)(2)

### (A)    Likelihood of Settlement:

**Plaintiff's position:** Plaintiff has attempted several times to reach settlement in this matter without success, and has repeatedly requested non-infringement positions from Defendant without success. Plaintiff is hopeful of a settlement but without cooperation does not anticipate that a settlement can be reached in this matter.

1

**Defendant's position**: Once the Plaintiff evaluates the evidence regarding Defendant's products, the case should quickly conclude because there is no infringement.

(B) **Likelihood of Appearance of Additional Parties:** The parties do not anticipate the need to join any additional parties to this case.

(C) **Proposed Time Limits to:**

    i. **Joining Parties and Amending Pleadings**: The Parties agree that parties be joined and that pleadings be amended no later than July 15, 2012.

    ii. **To File and Hear Motions**: The parties do not agree on any time limits regarding filing and hearing of motions because they disagree regarding what case management track is appropriate and the need for a special briefing schedule related to claim construction. Plaintiff and Defendant's proposed time limits are outlined side by side in their proposed scheduling order below.

    iii. **To Complete Discovery**: The parties do not agree on any time limits regarding filing and hearing of motions because they disagree regarding what case management track is appropriate. Plaintiff and Defendant's proposed time limits are outlined side by side in their proposed scheduling order.

(D) **Proposals for the Formulation and Simplification of the Issues**:

**Plaintiff's position:** Plaintiff has met their initial burdens in this matter and has conducted a through investigation of infringement. Furthermore, Plaintiff has repeatedly requested non-infringement positions from Defendant without success. Counsel shall meet

before the Pretrial Conference or Calendar Call to discuss any proposals for the formulation and simplification of the issues. Otherwise, none at this time.

**Defendant's position:** Three-fourths of all patent litigation that does not settle before the claim construction order will end after the entry of a claim construction ruling. Claim construction is a question of law that the Court must decide. The process of claim construction significantly simplifies the issues for trial. Defendant has also proposed formal infringement, non-infringement, and invalidity contentions to be exchanged early in the case. These contentions will narrow the case from 170 patent claims to a representative set. These contentions will also focus the litigation and quickly identify the real issues in dispute. Defendant's proposed dates for the claim construction briefing and contentions are outlined in the proposed scheduling order.

(E) **Necessity of Amendments to the Pleadings**:

**Plaintiff's position:** None anticipated at this time. However, there is a strong possibility this will become necessary as Discovery unfolds.

**Defendant's position:** No amendments to the pleadings are anticipated.

(F) **Possibility of obtaining admissions of facts and of documents:**

Counsel will meet after the applicable discovery cut-off date and before the pre-trial conference to discuss stipulations regarding the authenticity of documents and the need for advance rulings from the Court on the admissibility of evidence.

(G) **Suggestions for the avoidance of unnecessary proof and cumulative evidence**:

At this time, the Parties have no suggestions for the avoidance of unnecessary proof and cumulative evidence, but will endeavor to find ways to litigate this case efficiently in the event this action is not dismissed through settlement or otherwise.

(H)     **Referring matters to a magistrate judge or master:**

Plaintiff would request a Special Master for the Markman hearing, otherwise no.

(I)     **Preliminary estimate of time for trial:**

The Parties estimate a seven (7) day jury trial following voir dire.

(J)     **Dates for conferences before trial, a final pretrial conference, and trial:**

A Pre-Trial Conference may be scheduled by the Court.

(K)     **Any other information helpful to the Court:**

**Plaintiff's position:** Plaintiff has repeatedly requested non-infringement positions from Defendant without success and has attempted several times to reach settlement in this matter without success. Furthermore, Plaintiff has on numerous occasions objected to Defendants attempt to interject scheduling that is not required by the local rules of this District or the Order of this Court or the Federal Rules of Civil Procedure. Otherwise, nothing else at this time.

**Defendant's position:** Defendant request a Rule 16 scheduling conference with the Court to resolve the scheduling issues and discuss quick resolution of the case by summary judgment.

## II.    PROPOSED SCHEDULING ORDER PURSUANT TO RULE 16.1(B)(3)

(A)     **Track Assignment:**

**Plaintiff's position:** Plaintiff would argue that a standard track is more than appropriate in this matter. It is common practice in both the Southern and Middle Districts (both of which have hundreds of patent cases) to have cases like the one at bar on a standard track. The patents at issue have a plain and ordinary meaning and speak for themselves. The Court, has

handled many patent cases prior and is aware of how to handle its own docket, and should not be told by Defendant how to manage its own docket in this particular matter.

**Defendant's position:** The complex track is appropriate for this case. This is a patent case involving six patetns and 170 patent claims. Patent cases are inherently complex because they require a claim construction order from the Court (*i.e.*, Markman Order) when any claim term does not have just a plain and ordinary meaning.

This case is also complex because it will take time for parties to exchange infringement and invalidity contentions that will significantly focus and narrow the issues in this lawsuit. However, the exchange of contentions is a process that is unique to patent law and takes additional time. Because of the need for a Markman hearing and infringement and invalidity contentions, this case is complex and should be on the complex case track assignment.

(B) **Detailed Discovery Schedule:**

The table below outlines the two parties' positions regarding discovery and claim construction. Where Plaintiff has not indicated a requested date, it believes no that event is not needed.

Plaintiff strongly disagrees with Defendants mis-charactization of Plaintiff's position.

| Event | Plaintiff's Request | Defendant's Request |
|---|---|---|
| Plaintiff's Disclosure of Asserted Patent Claim(s) and Preliminary Infringement Contentions | 4/23/12 | 3/15/12 |
| Defendant's Non-Infringement Contentions | 5/8/12 | 3/30/12 |
| Defendant's Disclosure of Invalidity Contentions | 5/8/12 | 4/30/12 |
| Exchange of Proposed Patent Claim Terms and Claim Elements for Construction | | 5/18/12 |
| Exchange of Preliminary Claim Constructions | | 6/01/12 |
| Parties' Opening Claim Construction Brief | | 7/02/12 |
| Parties' Claim Construction Response Brief | | 8/03/12 |

| Event | Plaintiff's Request | Defendant's Request |
|---|---|---|
| Parties' Claim Construction Reply Brief | | 8/17/12 |
| Claim Construction (Markman) Hearing | | Per Court's Schedule - proposed September 10, 2012 |
| Commencement of discovery for all other issues besides claim construction, validity, and infringement allegations | Immediately, in accordance with the Federal Rules of Civil Procedure, as the Rule 26 conference has taken place | On the day the Court's Markman ruling is entered or December 1, 2012 (whichever is earlier) |
| Defendant must disclose any opinion(s) of counsel it will rely on in defense of any willful infringement allegation | | 2 months after the Markman ruling or January 2, 2013 (whichever is earlier) |
| Fact Discovery Cut-Off | 8/22/2012 | 3 months after the Markman ruling or February 1, 2013 (whichever is earlier) |
| Deadline for Initial Expert Witness Reports on Which the Party Bears the Burden of Proof | 6/7/2012 | 4 months after the Markman ruling or March 1, 2012 (whichever is earlier) |
| Deadline for Rebuttal Expert Witness Reports | 8/6/2012 | 5 months after the Markman ruling or April 1, 2013 (whichever is earlier) |
| Deadline for Completing Expert Witness Depositions | 8/22/2012 | 6 months after the Markman ruling or May 1, 2013 (whichever is earlier) |
| Mediation Deadline | 7/7/2012 | 9/1/2012 |
| Deadline for Filing *Daubert*, Summary Judgment or Other Dispositive Motions | 8/29/2012 | 7 months after the Markman ruling or June 1, 2013 |

| Event | Plaintiff's Request | Defendant's Request |
|---|---|---|
| | | (whichever is earlier) |
| Parties exchange written lists containing the names and address of all witnesses intended to be called at trial | 8/13/2012 | 8 months after the Markman ruling or July 1, 2013 (whichever is earlier) |

**Plaintiff's position regarding the schedule:** As stated above, the Plaintiff believes and trusts in the Courts ability to manage its own docket and feels that Defendant is overstepping its bounds. The Defendant is interjecting several scheduling dates that are not required by this Court's own order, the Local Rules of the Southern District and the Federal Rules of Civil Procedure. Repeatedly the Plaintiff has objected to the Defendants insistence on interjecting these measures into this matter when not required by the rules or requested by this Court. Simply put the Court is capable of managing its own docket and can set the dates for such measures as it sees fit.

**Defendant's position regarding the schedule:** Due dates for claim construction briefing, a Markman hearing, and infringement and invalidity contentions are needed in this case.

Patent claim construction is a pure question of law and exclusively a matter for the court. *See Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1455 (Fed. Cir. 1998) (en banc); *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc), *aff'd* 517 U.S. 370 (1996.) A determination of claim construction is a necessary prelude to, as well as separate and independent from, other factual and legal issues in a patent case, including infringement, validity and damages. *See Rhine v. Casio, Inc.*, 183 F.3d 1342, 1345 (Fed. Cir. 1999); *Intervet A., Inc. v. Kee-Vet Labs, Inc.*, 887 F.2d 1050, 1053 (Fed. Cir. 1989). Courts have recognized that claim construction often plays a crucial role in focusing the issues for discovery and trial, and frequently, in determining the ultimate outcome of the litigation.

For example, Judge Gold of this District has called out in his model conference report for patent cases dates for the Markman hearing itself and dates for events related to Markman.

The Federal Circuit has stated that "by resolving the meaning to be given to disputed claims terms, and by engaging the parties in such a process, trial courts are often able to narrow disputes and provide more efficient trials." *Smith Industries Medical System, Inc. v. Vital Signs, Inc.*, 183 F.3d 1347, 1353 (Fed. Cir. 1999). Therefore, claim construction briefing and a Markman hearing are needed in this case to narrow the issues and simplify the trial.

The Federal Circuit endorsed this principle in *Vivid Technologies, Inc. v. American Science & Engineering, Inc,.* 200 F.3d 795 (Fed. Cir. 1999) by holding that the district court did not abuse its discretion by staying all discovery until issuance of its claim construction ruling. The court noted that:

> A district court has broad powers of case management, including the power to limit discovery of relevant subject matter and to adjust discovery as appropriate to each phase of litigation. . . . When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved. . . . Thus the court's management of discovery at the claim construction stage may serve the salutary goals of speed and economy, and is appropriate in cases in which the disputes may be resolved at this stage without compromise to justice.
>
> *Id.* at 803-04.

By staying discovery related to damages and other issues unrelated to validity or infringement significant cost savings and litigation efforts can be saved by both parties.

Infringement contentions are also necessary because without them Plaintiff would be able to unravel the work of the Court by adding new claims after the Court's claim construction order. Invalidity contentions serve a similar process by narrowing the number of prior art references from hundreds to a handful, and thereby narrowing the scope of the litigation.

**Plaintiff's position regarding e-discovery:** There is no need to deviate from the Standard Discovery procedures as set forth by the Federal Rules of Civil Procedure.

**Defendant's position regarding e-discovery:** Defendant request that the model order regarding e-discovery in patent cases proposed by Judge Rader of the United States Court of Appeals for the Federal Circuit be adopted for this lawsuit. The model order is attached as Exhibit A and Defendant request that it be entered.

(C) **Agreements Regarding Privileged Materials:**

The parties are in the process of negotiating an agreed protective order. No other agreements have been reached.

(D) **Deadline to add parties or amend the pleadings:**

The parties have agreed on July 15, 2012 as the last day to add parties or amend the pleadings.

(E) **Date for Filing All Pretrial Motions:** As the Court deems fit.

(F) **Date for Resolution of All Pretrial Motions:** As the Court deems fit.

(G) **Rule Variations:**

**Plaintiff's position:** No deviation.

**Defendant's position:** Beyond the need for claim construction and infringement and invalidity contentions, no variation of the rules is necessary.

(H) **Date of Pretrial conference:** Per the Courts Order dated January 31, 2012, pre-trial conference shall be held September 5, 2012.

(I) **Trial Date:** Per Courts Order dated January 31, 2012, Trial shall be conducted during the two week trial period beginning September 10, 2012.

Dated: March 9, 2012

Respectfully submitted,

/s/ Jason P. Dollard
JASON P. DOLLARD, FBN: 0649821
jdollard@jpdesq.com
Law Offices of Jason P. Dollard, PA
127 N.E. 2nd Avenue
Delray Beach, FL 33444
Telephone: (561) 819-5406
Facsimile: (561) 819-5407
Counsel for Plaintiffs
ArrivalStar S.A. and Melvino Technologies Ltd.

EDWINA V. KESSLER, F.B.N. 016209
Email: Ekessler@chkklaw.com
Catri, Holton, Kessler & Kessler, P.A.
633 South Andrews Avenue Third Floor
Ft. Lauderdale, FL 33301
Telephone: (954) 463-8593
Facsimile: (954) 462-1303
Attorneys for ATLAS VAN LINES, INC.

Addendum: Discovery Model Order

|  |  |
|---|---|
| Plaintiff,<br><br>v.<br><br>Defendant. | Case No. |

**[MODEL] ORDER REGARDING E-DISCOVERY IN PATENT CASES**

EXHIBIT
A

The Court ORDERS as follows:

1.  This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2.  This Order may be modified for good cause. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3.  Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4.  A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5.  General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production.

6.  General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

7.  Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8.  Email production requests shall be phased to occur after the parties have

exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

9. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

10. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

11. Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and

"system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

      12.     The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

      13.     Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

      14.     The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.